UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KORRINA G.[1]

       Plaintiff,

   v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

       Defendant.

Case No. 3:22-cv-00192-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Korrina G. seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g). For the reasons set forth below, that decision is AFFIRMED.

**STANDARD OF REVIEW**

    The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 1, 2014, through her date last insured, September 30, 2018. Tr. 16. At step two, the ALJ determined plaintiff did not have any severe impairments. Tr. 17.

Next, in the alternative, the ALJ assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff has the capacity to perform light work, except she can occasionally crouch and crawl, and she can do occasional overhead reaching bilaterally. Tr. 22.

At step four, the ALJ found plaintiff was able to perform past relevant work as a cashier, checker. Tr. 25. Thus, the ALJ concluded plaintiff was not disabled.

## DISCUSSION

**I.      Step Two**

Plaintiff asserts the ALJ erred in finding that she had no severe impairments at step two. Pl. Br. 8. The claimant bears the burden at step two. 20 C.F.R. §§ 404.1512(a), 416.912(a). The step-two inquiry is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). At step two, the ALJ determines whether the claimant has any medically determinable impairments that are "severe." 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that significantly impairs the claimant's ability to perform basic work activities for at least 12 months. *See* 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii). If the claimant "do[es] not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement," the claimant is "not disabled." 20 C.F.R. § 404.1520(a)(4)(ii).

Step two impairments "may be found not severe *only if the* evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citation and internal quotation marks omitted) (emphasis in original); *see also* SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985). Step two findings must be based upon medical evidence. 20 C.F.R. §§ 404.1520(a), 416.920(a). The ALJ may draw inferences about the severity of an impairment based on the degree of treatment the claimant sought. *Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995).

Plaintiff first argues the ALJ erred by "conclud[ing] [she] had no severe impairments, which should have terminated the Sequential Evaluation at Step Two," but then "addressed all remaining steps, which is inconsistent with the regulations." Pl. Br. 6. Plaintiff contends "[t]he fact that the ALJ elected to carry out the entire process is evidence that [she] has severe impairments." *Id.* However, as the Commissioner correctly asserts, "[t]his was not an internal inconsistency." Def. Br. 7. After finding plaintiff had no severe impairments at step two, the ALJ stated that she was addressing step three "*in the alternative*, even though the claimant has no severe impairments." Tr. 22 (emphasis added). There was no harm in considering the remaining steps, especially in light of controlling authority that an error at step two can be harmless where the ALJ incorporates the functional limitations from that impairment in the remaining steps of the five-step evaluation. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (concluding that any failure to list bursitis as severe at step two was harmless error where ALJ considered any functional limitations imposed by bursitis at step four).

Plaintiff also contends that in determining she had no severe impairments, the ALJ "improperly weighed" the opinions of the state agency physicians. Pl. Br. 8. State agency examiner, Michael Brown, Ph.D., observed that while there was a diagnosis of major depressive disorder in the records, "[t]here has been no real [mental health] treatment done by [a] PCP" and no mental status exam. Tr. 63-64. Dr. Brown concluded that plaintiff's impairment "does not precisely satisfy the diagnostic criteria" for paragraph A of Listing 12.04 (depressive, bipolar, and related disorders). *Id.* Dr. Brown also concluded that there was insufficient evidence to satisfy the paragraph B and C criteria. Tr. 64. In sum, Dr. Brown found there was insufficient evidence to "rate at [date last insured]." *Id.*

4 – OPINION AND ORDER

Merry Alto, M.D., also determined plaintiff was not disabled, observing there was no imaging on file to support a diagnosis, no medical opinion from any medical source, and insufficient evidence to evaluate the claim. Tr. 63, 65. On reconsideration, Denise Greenwood, M.D., similarly opined that plaintiff was not disabled, noting there was insufficient evidence to evaluate the claim and no medical opinion from any source. Tr. 76-77.

When assessing the persuasiveness of medical opinions, an ALJ must consider supportability and consistency. 20 C.F.R. § 404.1520c(c); *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022). The ALJ did so here and, after recounting the opinions of Dr. Brown and Dr. Greenwood, found them "partially persuasive." Tr. 23. Specifically, the ALJ concluded that while the state agency examiners' reports indicated plaintiff's impairments of depressive disorder and spine disorder were "severe,"[2] this was "internally inconsistent" with the examiners' conclusions that there was "insufficient evidence" to support a finding of disability. Tr. 23. The ALJ observed that "[i]nherently, if an impairment is found to be severe, it must correspond with a limitation, by definition it lacks support." Tr. 23. However, the ALJ also noted that "[t]he overall narrative" by the state agency examiners "at both levels is not fully consistent with the medical evidence, which could be construed to give limitations in the back and arms, based on [plaintiff's] pain complaints and medications." *Id*. Therefore, the ALJ included a limitation of "occasional overhead reaching bilaterally" in the RFC. Tr. 22.

Plaintiff argues the ALJ's analysis is "flawed" because "[a]lthough a severe impairment must correspond to a limitation, non-severe impairments that may fall short of significantly impacting an individual's capacity to perform basic work activities also have a corresponding

---

[2] *See* Tr. 63, 76.

5 – OPINION AND ORDER

limitation." Pl. Br. 8. But that is what the ALJ did here—she found plaintiff's impairments non-severe but included a limitation in the RFC to account for plaintiff's non-severe impairments.

Plaintiff also asserts the ALJ erred by failing to specifically address Dr. Alto's opinion. Pl. Br. 10. However, the ALJ discussed the opinion of Dr. Greenwood who, on reconsideration, came to the same conclusion as Dr. Alto. There is no harmful error where the ALJ, at most, failed to conduct a repetitive analysis.

Plaintiff further takes issue with the ALJ's interpretation of the record, contending that the "medical evidence prior to the date last insured documented several complaints by [plaintiff] and findings made by treating physicians that supported the severity of the impairments." Pl. Br. 11. The ALJ extensively discussed plaintiff's records, observing that "objective imaging and exams show that the claimant had only mild impairment (Exh. 1F; 9F)," "physical exams have consistently demonstrated she retained good strength, range of motion, and sensation (Exh. 1F)," and she was not taking narcotic medications for pain. Tr. 24. The ALJ pointed to records of an April 2014 physical exam that showed plaintiff had normal range of motion in the elbows and shoulders, normal strength in both upper extremities, and reflexes within normal limits in the biceps, triceps, and brachioradialis. Tr. 18. Also, x-rays of the left shoulder were unremarkable. *Id.* Later, in August 2015, plaintiff reported that she was not taking narcotics and her pain had improved. Tr. 18. In July 2016, plaintiff complained of chronic pain, but reported she was exercising regularly and had lost weight, and her physical exam showed no abnormalities, including in her neck. *Id.* In November 2017, plaintiff reported that she was exercising five times a week and no abnormalities were observed in any system. Tr. 19. Plaintiff was treated for a rash in February 2018, and given an antihistamine and a topical steroid. *Id.* Finally, in May 2018, plaintiff had a complete physical exam that revealed no abnormalities and where she

6 – OPINION AND ORDER

reported she was "not feeling poorly." *Id*. With respect to plaintiff's mental impairments, the ALJ observed that plaintiff "had one exam showing a depressed mood and unhappy affect, but beyond that, she had a normal or euthymic mood (Exh. 1F)." Tr. 18.

While plaintiff argues for a different interpretation of the record, the ALJ's interpretation is rational and therefore entitled to deference. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Plaintiff points to her diagnosis of chronic neck and upper back pain in support of her argument that she has severe impairments at step two. Pl. Br. 12-13. However, the "mere diagnosis of [an impairment] . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). In sum, the ALJ did not err in finding that plaintiff failed to meet her burden at step two.

## II.     Formulation of RFC

Plaintiff argues the ALJ failed to explain how she was capable of performing light work as opposed to sedentary or less than sedentary work and failed to capture the extent of her upper extremity deficiencies. Pl. Br. 17-18. Again, it is important to note the ALJ merely fashioned the RFC "in the alternative," after finding plaintiff failed to establish she had a severe impairment at step two. Further, as noted, the ALJ analyzed plaintiff's medical records in detail. The ALJ found "[t]he record supports a reduction to the light exertional level with postural and manipulative limitations," specifically referencing the "limitations evidenced by the objective medical record" and plaintiff's activities of daily living, Tr. 24, which the ALJ elsewhere discussed extensively. Tr. 23. The ALJ observed that plaintiff had "not sought or received appropriate medical treatment for the allegedly disabling symptoms, going a year or more at a time before presenting for conservative and routine care." *Id.* The ALJ sufficiently explained

7 – OPINION AND ORDER

her decision that plaintiff was capable of performing light work and that no greater limitations were required.

## ORDER

The Commissioner's decision is AFFIRMED.

DATED August 14, 2003.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

8 – OPINION AND ORDER